**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* Patricia Lesko,<br><br>*Plaintiffs*,<br><br>v.<br><br>1. THE BROOKLYN ACADEMY OF MUSIC, INC.,<br>2. BNOS BAIS YAAKOV OF FAR ROCKAWAY,<br>3. CAZENOVIA COLLEGE,<br>4. THE JEWISH COMMUNITY CENTER IN MANHATTAN, INC.,<br>5. MARYMOUNT MANHATTAN COLLEGE,<br>6. THE NEW YORK BOTANICAL GARDEN,<br>7. THE NEW YORK SHAKESPEARE FESTIVAL, , d/b/a THE PUBLIC THEATER JOE'S PUB,<br>8. ROUNDABOUT THEATER,<br>9. ST. THOMAS AQUINAS COLLEGE, *and*<br>10. THE UNITED TALMUDICAL ACAD. OF KIRYAS JOEL INC.,<br><br>Defendants. | DOC #_____<br><br>No. _____<br><br>FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)<br><br>DO NOT PLACE ON PUBLIC DOCKET<br><br>JURY TRIAL DEMANDED |

## *QUI TAM* COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff and *qui tam* Relator Patricia Lesko, by and through her undersigned counsel, Brown, LLC, alleges of personal knowledge as to her own observations and actions, and on information and belief as to all else, as follows:

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

6. Defendants therefore obtained money from the federal government to which they were not entitled, by presenting or causing to be presented false claims to the SBA.

7. Together, the loans to the not-for-profits named here resulted in payments to these entities of more than $50 million, and payment to the lenders of more than $551 thousand in processing fees.

8. Relator brings this action on behalf of the United States for Defendants' violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA").

9. This Complaint is filed *in camera* and under seal pursuant to 31 U.S.C. § 3730(b)(2). A copy of this Complaint, along with written disclosure of substantially all material evidence and information that Relator possesses, will be served on the Attorney General of the United States and the United States Attorney for the Southern District of New York, pursuant to 31 U.S.C. § 3730(b)(2).

## II.
## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because this Complaint raises federal questions; and pursuant to 31 U.S.C. § 3732, because the action is brought under 31 U.S.C. § 3730 and Defendants transact business in this District.

11. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a), because Defendants can be found in and/or transact business in this District.

12. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b)(2), because at least one Defendant can be found in, and transacts or has transacted business in, this District.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

14 years. In 2023, Relator began investigating aspects of these Defendants' business practices. She spent many hours reviewing hundreds of pages of documents.

**B.     Defendants**

19.     Defendant The Brooklyn Academy of Music, Inc. is a 501(c)(3) not-for-profit organization located in Brooklyn, New York.

20.     Defendant Bnos Bais Yaakov of Far Rockaway is a 501(c)(3) not-for-profit organization located in Queens, New York.

21.     Defendant Cazenovia College is a 501(c)(3) not-for-profit organization located in Cazenovia, New York.

22.     Defendant The Jewish Community Center in Manhattan, Inc. is a 501(c)(3) not-for-profit organization located in New York, New York.

23.     Defendant Marymount Manhattan College is a 501(c)(3) not-for-profit organization located in New York, New York.

24.     Defendant The New York Botanical Garden is a 501(c)(3) not-for-profit organization located in Bronx, New York.

25.     Defendant The New York Shakespeare Festival, d/b/a The Public Theater Joe's Pub, is a 501(c)(3) not-for-profit organization located in New York, New York.

26.     Defendant The Roundabout Theater Company Inc. is a 501(c)(3) not-for-profit organization located in New York, New York.

27.     Defendant St. Thomas Aquinas College is a 501(c)(3) not-for-profit organization located in Sparkill, New York.

28.     Defendant The United Talmudical Academy of Kiryas Joel Inc. is a 501(c)(3) not-for-profit organization located in Monroe, New York.

loan before March 11, 2021, ***and*** applied for forgiveness after that date, was eligible for the PPP so long as it had no more than 500 employees at any one location.[6]

34.   The maximum first-draw PPP loan award was the lesser of (a) $10,000,000, or (b) 2½ times the average payroll costs incurred by the applicant during the 1-year period before the date on which the loan was made.[7] *See* 15 U.S.C. § 636(a)(36)(E).

35.   "Payroll costs" were defined to include "salary, wage, commission, or similar compensation" for employees residing in the United States. 15 U.S.C. § 636(a)(36)(A)(viii).

36.   Borrowers were eligible for full forgiveness of their first-draw PPP loans if, during the 8- to 24-week period following loan disbursement: (a) employee and compensation levels were maintained; and (b) loan proceeds were spent on payroll costs and other eligible expenses; with (c) at least 60% of the loan proceeds being spent on payroll costs.[8]

### 2. Second-draw requirements

37.   A business was generally eligible for a second-draw PPP loan if (a) it had previously received a first-draw PPP loan and used the full amount only for authorized purposes; (b) had no more than 300 employees; and (c) could demonstrate a reduction of at least 25% in gross receipts in any quarter of 2020 when compared to the same quarter of 2019.[9]

38.   For most borrowers, the maximum second-draw PPP loan amount was equal to 2½ times their average monthly 2019 or 2020 payroll costs, up to $2 million.[10]

---

[6] *See* answer to PPP FAQ 71, *available at* https://home.treasury.gov/system/files/136/FAQ-PPP-for-Borrowers-and-Lenders-Questions-1-72-V13.pdf (last accessed Jan. 8, 2024).

[7] Plus any outstanding amount of any Economic Injury Disaster Loan that the borrower was seeking to refinance. The EIDL program provided up to $2 million to small businesses experiencing temporary loss of revenue due to COVID-19. That program is not implicated here.

[8] *See* https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/ppp-loan-forgiveness (last accessed Jan 8, 2024).

[9] See https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan (last accessed Jan. 6, 2024).

[10] *Id.* Borrowers in the Accommodation and Food Services sector could receive up to 3½ their average monthly 2019 or 2020 payroll costs.

borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lenders to the SBA in the course of processing the loans.

44. According to SBA guidance:

> Providing an accurate calculation of payroll costs is the responsibility of the borrower, and the borrower attests to the accuracy of those calculations on the Borrower Application Form (SBA Form 2483 or SBA Form 2483-C for First Draw PPP Loans and SBA Form 2483-SD or SBA Form 2483-SD-C for Second Draw PPP Loans). Lenders are expected to perform a good faith review, in a reasonable time, of the borrower's calculations and supporting documents concerning average monthly payroll cost. For example, minimal review of calculations based on a payroll report by a recognized third-party payroll processor would be reasonable. In addition, as the PPP Interim Final Rules indicate, lenders may rely on borrower representations, including with respect to amounts required to be excluded from payroll costs.

*See* PPP FAQ, answer to Question 1.

### C. The False Claims Act

45. The FCA, 31 U.S.C. §§ 3729 *et seq.*, establishes liability for any "person" (natural or corporate) who, *inter alia*:

   a. "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A); or

   b. "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *id.* § 3729(a)(1)(B).

46. "Knowing" is defined by the FCA to include "deliberate ignorance of the truth" or "reckless disregard of the truth." *Id.* § 3729(b)(1).

47. The FCA defines "claim" to include any request for money that:

> is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—
>
> (I)   provides or has provided any portion of the money or property requested or demanded; or
> (II)  will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded....

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

    b. On its Form 990 for the period ending June 30, 2020, BAM reported gross receipts of more than $57 million, far in excess of the revenue-based size standard for its NAICS code at the time of BAM's PPP first-draw loan application ($12 million).

    c. On that same Form 990, BAM reported net assets of more than $138.5 million, almost ten times the SBA's "alternative size standard" of no more than $15 million.

### B. Bnos Bais Yaakov of Far Rockaway

54. Bnos Bais Yaakov of Far Rockaway is a not-for-profit organization located in Queens, New York.

55. Bnos Bais Yaakov obtained a second-draw PPP loan for $1,542,563, approved on February 24, 2021. The loan has been forgiven.

56. Bnos Bais Yaakov was not eligible for this loan, because its employee count exceeded the second-draw maximum of 300. On its IRS Form 990 for the fiscal year ending August, 2021, Bnos Bais Yaakov reported 486 employees for calendar year 2020 – 186 more than the second-draw maximum.

### C. Cazenovia College

57. Cazenovia College is a not-for-profit organization located in Queens, New York. Cazenovia's NAICS code is 611310 (Colleges, Universities and Professional Schools).

58. Cazenovia obtained a first-draw PPP loan for $2,311,930, claiming the proceeds would be used to support 215 jobs. The loan was approved on April 7, 2020, and has since been forgiven.

59. Cazenovia was not eligible for this loan, because it did not qualify as a "small business concern" under section 3 of the Small Business Act, 15 U.S.C. § 632:

    a. On its IRS 990 forms, Cazenovia reported 857 employees in calendar year 2019 and 724 in calendar year 2020, in each instance more than the first-draw maximum of 500.

11

    c. On that same Form 990, JCC Manhattan reported net assets of more than $67.2 million, far in excess of the SBA's "alternative size standard" of no more than $15 million.

65. JCC Manhattan also obtained a second-draw PPP loan for $2,000,000, approved on March 20, 2021. The loan has been forgiven.

66. JCC Manhattan was not eligible for this loan, because its employee count exceeded the second-draw maximum of 300. On its IRS Form 990 for the fiscal year ending June, 2021, JCC Manhattan reported 830 employees for calendar year 2020 – almost triple the second-draw maximum.

**E.  Marymount Manhattan College**

67. Marymount Manhattan College is a not-for-profit organization located in New York, New York. Marymount Manhattan's NAICS code is 611310 (Colleges, Universities and Professional Schools).

68. Marymount Manhattan obtained a first-draw PPP loan for $6,555,592, claiming the proceeds would be used to support 482 jobs. The loan was approved on May 8, 2020, and has since been forgiven.

69. Marymount Manhattan was not eligible for this loan, because it did not qualify as a "small business concern" under section 3 of the Small Business Act, 15 U.S.C. § 632:

    a. On its IRS 990 forms, Marymount Manhattan reported 1,361 employees in calendar year 2019, and 990 in calendar year 2020 – in each instance more than the first-draw maximum of 500.

    b. On its Form 990 for the fiscal year ending June 2020, Marymount Manhattan reported gross receipts of more than $120.8 million, in excess of the revenue-based size standard for its NAICS code at the time of Marymount Manhattan's PPP first-draw loan application ($30 million).

    c. On that same Form 990, Marymount Manhattan reported net assets of more than $87.8 million, more than six times the SBA's "alternative size standard" of no more than $15 million.

a. On its IRS 990 forms, NYSF reported 1,703 employees for calendar year 2019, and 1,182 for calendar year 2020 – in each instance, more than double the first-draw maximum of 500.

b. On its Form 990 for the period ending August 2020, NYSF reported gross receipts of more than $66 million, triple the revenue-based size standard for its NAICS code at the time of NYSF's PPP first-draw loan application ($22 million).

c. On that same Form 990, NYSF reported net assets of almost $100 million, far in excess of the SBA's "alternative size standard" of no more than $15 million.

76. NYSF also obtained a second-draw PPP loan for $2,000,000, approved on March 25, 2021. The loan has been forgiven.

77. NYSF was not eligible for this loan, because its employee count exceeded the second-draw maximum of 300. On its IRS Form 990 for the fiscal year ending August, 2021, NYSF reported 1,182 employees for calendar year 2020 – almost four times the second-draw maximum.

## H.   The Roundabout Theater Company Inc.

78. The Roundabout Theater Company Inc. is a not-for-profit organization located in New York, New York. Roundabout's NAICS code is 711110 (Theater Companies and Dinner Theaters).

79. Roundabout obtained a first-draw PPP loan for $5,397,500, claiming the proceeds would be used to support 497 jobs. The loan was approved on April 7, 2020, and has since been forgiven.

80. Roundabout was not eligible for this loan, because it did not qualify as a "small business concern" under section 3 of the Small Business Act, 15 U.S.C. § 632:

a. On its IRS 990 forms, Roundabout reported 1,419 employees for calendar year 2019, and 784 for calendar year 2020 – in each instance, more than the first-draw maximum of 500.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

86. Aquinas also obtained a second-draw PPP loan for $2,000,000, approved on May 29, 2021. The loan has been forgiven.

87. Aquinas was not eligible for this loan, because its employee count exceeded the second-draw maximum of 300. On its IRS Form 990 for the fiscal year ending June, 2021, Aquinas reported 560 employees for calendar year 2020 – almost double the second-draw maximum.

### J. The United Talmudical Academy of Kiryas Joel Inc. ("UTAKJ")

88. The United Talmudical Academy of Kiryas Joel Inc. ("UTAKJ") is a 501(c)(3) not-for-profit organization located in Monroe, New York.

89. UTAKJ obtained a first-draw PPP loan for $3,697,901, approved on May 1, 2020.

90. On its PPP application, UTAKJ claimed it would use the loan to retain 500 jobs. However, in its response to a survey from the U.S. National Center for Education Statistics, UTAKJ self-reported only 389.4 full-time employee equivalents for the school year 2019-2020.

91. By fraudulently inflating its headcount on its PPP application, UTAKJ was able to obtain a larger loan than it was entitled to.

### COUNT I
### VIOLATION OF THE FALSE CLAIMS ACT:
### PRESENTATION OF FALSE CLAIMS

92. Relator repeats and realleges paragraphs 50-91 as if fully set forth herein.

93. As explained in those paragraphs, Defendants knowingly presented or caused to be presented false claims in the form of PPP loan applications and requests for forgiveness.

94. Defendant The United Talmudical Academy of Kiryas Joel Inc. knowingly and falsely *inflated* its headcount and thereby fraudulently applied for and obtained a larger first-draw PPP loan than that to which it was entitled.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

have funded the loans, and the SBA would not have approved or forgiven the loans, had they known of the falsity of the applications.

100.  The loans were made to advance the government's interest in supporting small businesses during the COVID-19 pandemic, and Defendants' lenders were paid for the loans, with interest. Defendants' loan and forgiveness applications were therefore claims on the government for purposes of the FCA.

101.  Accordingly, Defendants' knowing presentations of false or fraudulent loan applications to their lenders were violations of 31 U.S.C. § 3729(a)(1)(A).

102.  By virtue of the false and fraudulent claims that Defendants presented or caused to be presented, the United States suffered damages in an amount to be determined at trial, and is entitled to treble the amount of those damages, plus civil penalties of not less than $13,508 and up to $27,018 for each violation.

## COUNT II
## VIOLATION OF THE FALSE CLAIMS ACT: MAKING OR USING FALSE RECORD OR STATEMENT

103.  Relator repeats and realleges paragraphs 50-91 as if fully set forth herein.

104.  As explained in those paragraphs, Defendants knowingly made, used, or caused to be made or used, false records or statements material to the false or fraudulent PPP loan applications at issue, in violation of 31 U.S.C. § 3729(a)(1)(B).

105.  The false records or statements include the fraudulent PPP loan and forgiveness applications that Defendants submitted.

106.  The making and use of these false records and statements were material to decisions by Defendants' lenders to fund the PPP loans and by the SBA to approve and forgive

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator demands trial by jury on all questions of fact raised by the Complaint.

Dated: January **19**, 2024

Respectfully submitted,

**BROWN, LLC**

/s/ *Patrick S. Almonrode*
Patrick S. Almonrode
Jason T. Brown
Paul V. Shehadi
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000 (phone)
(855) 582-5297 (fax)
*patalmonrode@jtblawgroup.com*
*jtb@jtblawgroup.com*
*paul.shehadi@jtblawgroup.com*

*Attorneys for Relator Patricia Lesko*